## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC.,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>CHEMO RESEARCH S.L., INSUD PHARMA S.L.U., INTELGENX CORP., INTELGENX TECHNOLOGIES CORP., and XIROMED, LLC,<br><br>    Defendants/Counterclaim Plaintiffs. | C.A. No. 22-1196-CFC |

## DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT

Defendants Chemo Research S.L. ("Chemo Research"), Insud Pharma S.L.U. ("Insud Pharma"), IntelGenx Corporation ("IntelGenx Corp."), IntelGenx Technologies Corporation ("IntelGenx Techs."), and Xiromed, LLC ("Xiromed") (collectively, "Defendants") hereby answer the Complaint (D.I. 1) ("Complaint") brought by Plaintiffs BioDelivery Sciences International, Inc. and Arius Two, Inc. (collectively, "Plaintiffs"). Additionally, Defendants hereby assert counterclaims for declaratory judgment of noninfringement of U.S. Patents Nos. 8,147,866 ("the '866 patent"), 9,655,843 ("the '843 patent"), and 9,901,539 ("the '539 patent")

1

(collectively, "the Patents-in-Suit").

## GENERAL DENIAL

Defendants deny all allegations in Plaintiffs' Complaint except for those specifically admitted below. With respect to the allegations made in the Complaint, upon knowledge with respect to Defendants' own acts, and upon information and belief as to other matters, Defendants respond and allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs BioDelivery Sciences International, Incorporated and Arius Two, Incorporated (collectively, "Plaintiffs"), files this Complaint for patent infringement against Defendants Chemo Research, S.L., Insud Pharma S.L.U, IntelGenx Corp., IntelGenx Technologies Corp., and Xiromed, LLC (collectively, "Defendants"), under 35 U.S.C. §§ 271(e)(2), (a), (b) and (c). This patent action concerns the pharmaceutical drug product Belbuca® (buprenorphine buccal film), CIII. As discussed below, this case involves the same ANDA No. 212036 and thus is a related case to *BioDelivery Sciences Int'l Inc., et al. v. Chemo Research, S.L et al.,* C.A. No. 19-444-CFC (D. Del.). Plaintiffs hereby state as follows:

ANSWER:  Defendants admit that this purports to be an action for patent infringement under the patent laws of the United States, Title 35. Defendants admit that this action purports to arise from Chemo Research's submission of ANDA No. 212036 seeking approval to market a generic buprenorphine buccal film before the purported expiry of the Patents-in-Suit. Further, Defendants admit that this case involves the same ANDA that is involved in *BioDelivery Sciences Int'l Inc., et al. v. Chemo Research, S.L et al.,* C.A. No. 19-444-CFC (D. Del.).  Defendants deny

2

the remaining allegations of paragraph 1 of the Complaint.

## JURISDICTION AND PARTIES

2.     Plaintiff BioDelivery Sciences International, Inc. ("BDSI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4131 ParkLake Ave., Suite 225, Raleigh, North Carolina, 27612. Plaintiff BDSI is a specialty pharmaceutical company engaged in the research, development, sale, and marketing of prescription pharmaceuticals with a focus in the areas of pain management and addiction medicine. Plaintiff BDSI is also the holder of New Drug Application ("NDA") No. 207932 for Belbuca®, and is the distributer of Belbuca® in the United States.

ANSWER:  Defendants lack knowledge or information sufficient to form a

belief as to the truth of Plaintiffs' allegations and on that basis deny them.


3.     Plaintiff Arius Two, Incorporated ("Arius") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4131 ParkLake Ave., Suite 225, Raleigh, North Carolina, 27612. Plaintiff Arius is a wholly owned subsidiary of Plaintiff BDSI.

ANSWER:  Defendants lack knowledge or information sufficient to form a

belief as to the truth of Plaintiffs' allegations and on that basis deny them.


4.     On information and belief, Defendant Chemo Research, S.L. ("Chemo Research") is a corporation organized and existing under the laws of Spain, having a principal place of business at Manuel Pombo Angulo, 28 4a Planta (Fourth Floor), Madrid 28050 Spain. On information and belief, Defendant Chemo Research is a wholly owned subsidiary of Defendant Insud Pharma S.L.

ANSWER:  Defendants admit that Chemo Research is a wholly owned

subsidiary of Defendant Insud Pharma. Defendants further admit that Chemo

Research is a corporation organized and existing under the laws of Spain, with a

principal place of business at Manual Pombo Angulo, 28, Third Floor, 28050

Madrid, Spain.  Defendants deny the remaining allegations of paragraph 4 of the

Complaint.

5. On information and belief, Defendant Chemo Research is a pharmaceutical company that formulates, manufactures, packages, and markets generic drug products for distribution in the District of Delaware and throughout the United States.

ANSWER:  Defendants admit that Chemo Research is in the business of

manufacturing and/or selling pharmaceutical products throughout the United

States, including in this Judicial District. Defendants deny the remaining

allegations of paragraph 5 of the Complaint.

6. This Court has personal jurisdiction over Defendant Chemo Research by virtue of, among other things: (1) its sale and distribution of generic drugs in Delaware; (2) its course of conduct that is designed to cause the performance of the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, which are Delaware corporations; and (3) its capacity as a party in pending litigations within this District (*see, e.g., Chemo Research, S.L. et al. v. Encube Ethicals Private, Ltd.,* C.A. No. 22-854-CFC (D. Del. 2022)).

ANSWER:  The allegations in paragraph 6 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is

required, Chemo Research does not contest personal jurisdiction for the limited

purpose of this matter only.

7. Further, this Court has personal jurisdiction over Defendant Chemo Research as it consented to personal jurisdiction for the related matter *BioDelivery*

*Sciences Int'l et al. v. Chemo Research, S.L. et al.,* C.A. No. 19-444-CFC, concerning the same ANDA No. 212036, and the same parties, and has been actively litigating that matter in this Court since 2019. (C.A. No. 19-444-CFC at D.I. 11, at ¶¶ 5-7.)

ANSWER: The allegations in paragraph 7 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Chemo Research does not contest personal jurisdiction for the limited purpose of this matter only.

8.      This Court further has personal jurisdiction over Defendant Chemo Research because at least one provision of the Delaware long-arm statute, 10 Del. C. § 3104(c), is satisfied. On information and belief, Defendant Chemo Research satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State"), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State"), § 3104(c)(4) ("[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State"), and § 3104(c)(5) ("[h]as an interest in, uses or possesses real property in the State").

ANSWER: The allegations in paragraph 8 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Chemo Research does not contest personal jurisdiction for the limited purpose of this matter only.

9.      In addition, in the Notice Letter, dated July 29, 2022, Defendant Chemo Research did not identify a U.S. agent as required under 21 C.F.R. § 314.95(c)(9). Upon information and belief, Xiromed, LLC is the designated U.S. agent for Defendant Chemo Research.

5

ANSWER: Defendants admit that Chemo Research sent a Notice Letter, dated July 29, 2022, to Plaintiffs on or around July 29, 2022. Further, Defendants admit that Xiromed is the designated U.S. agent for Chemo Research's ANDA No. 212036. Defendants deny the remaining allegations of paragraph 9 of the Complaint.

10. In the alternative, this Court has personal jurisdiction over Defendant Chemo Research because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (1) Plaintiffs' claims arise under federal law; (2) Defendant Chemo Research is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (3) Defendant Chemo Research has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting Abbreviated New Drug Applications ("ANDAs") to the U.S. Food and Drug Administration ("FDA") and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Defendant Chemo Research satisfies due process.

ANSWER: The allegations in paragraph 10 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Chemo Research does not contest personal jurisdiction for the limited purpose of this matter only.

11. On information and belief, Defendant Insud Pharma S.L.U. ("Insud") is a corporation organized and existing under the laws of Spain with a principal place of business at Manuel Pombo Angulo, 28 3rd Floor, Madrid 28050 Spain.

ANSWER: Admitted.

12.     On information and belief, Defendant Insud regularly does or solicits business in the District of Delaware, engages in other persistent courses of conduct in the District of Delaware, and/or derives substantial revenue from services or things used or consumed in the District of Delaware, demonstrating that Defendant Insud has continuous and systematic contacts with the District of Delaware.

ANSWER:  The allegations in paragraph 12 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Insud Pharma does not contest personal jurisdiction for the limited purpose of this matter only.

13.     This Court has personal jurisdiction over Defendant Insud by virtue of, among other things: (1) its sale and distribution of generic drugs in Delaware; (2) its course of conduct that is designed to cause the performance of the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, which are Delaware corporations; and (3) its capacity as a party in pending litigations within this District (*see, e.g., BioDelivery Sciences Int'l et al. v. Chemo Research, S.L. et al.,* C.A. No. 19-444-CFC (D. Del. 2019)).

ANSWER:  The allegations in paragraph 13 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Insud Pharma does not contest personal jurisdiction for the limited purpose of this matter only.

14.     Further, this Court has personal jurisdiction over Defendant Insud as it consented to personal jurisdiction for the related matter *BioDelivery Sciences Int'l Inc., et al. v. Chemo Research, S.L. et al.,* C.A. No. 19-444-CFC, concerning the same ANDA No. 212036, and the same parties, and has been actively litigating that matter in this Court since 2019. (C.A. No. 19-444-CFC at D.I. 11, at ¶¶ 11-13.)

ANSWER:  The allegations in paragraph 14 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is

required, Insud Pharma does not contest personal jurisdiction for the limited

purpose of this matter only.

15.     This Court further has personal jurisdiction over Defendant Insud because at least one provision of the Delaware long-arm statute, 10 Del. C. § 3104(c), is satisfied. On information and belief, Defendant Insud satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State"), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State"), § 3104(c)(4) ("[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State"), and § 3104(c)(5) ("[h]as an interest in, uses or possesses real property in the State").

ANSWER:  The allegations in paragraph 15 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is

required, Insud Pharma does not contest personal jurisdiction for the limited

purpose of this matter only.

16.     In the alternative, this Court has personal jurisdiction over Defendant Insud because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (1) Plaintiffs' claims arise under federal law; (2) Defendant Insud is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (3) Defendant Insud has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Defendant Insud satisfies due process.

ANSWER:  The allegations in paragraph 16 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is required, Insud Pharma does not contest personal jurisdiction for the limited purpose of this matter only.

17.     On information and belief, the acts of Defendant Chemo Research complained of herein were done at the direction of, with the authorization of, or with the cooperation, participation or assistance of, or at least in part for the benefit of Defendant Insud.

ANSWER:  Defendants admit that Chemo Research prepared and submitted ANDA No. 212036. Defendants further admit that Chemo Research is in the business of manufacturing and/or selling pharmaceutical products throughout the United States, including in this Judicial District. Defendants deny the remaining allegations of paragraph 17 of the Complaint.

18.     On information and belief, Defendant IntelGenx Corp. ("IntelGenx Corp.") is a corporation organized and existing under the laws of Canada, having a principal place of business at 6420 Rue Abrams, Ville Saint-Laurent, Quebec H4S 1Y2, Canada. On information and belief, Defendant IntelGenx Corp. is a wholly owned subsidiary of Defendant IntelGenx Technologies Corp.

ANSWER:  Admitted.

19.     On information and belief, Defendant IntelGenx Corp. is a pharmaceutical company that formulates, manufactures, packages, and markets generic drug products for distribution in the District of Delaware and throughout the United States.

ANSWER:  Defendants admit that IntelGenx Corp. is in the business of formulating oral controlled-release products and rapidly disintegrating delivery

systems. Defendants deny the remaining allegations of paragraph 19 of the

Complaint.

20.     On information and belief, Defendant IntelGenx Corp. is amenable to litigating in this forum based on its conduct in other litigations in this District. *See*, e.g., *Biovail Labs. Int'l SRL v. IntelGenx Corp.*, C.A. No. 09-605-LPS (D. Del. 2010).

ANSWER:   The allegations in paragraph 20 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is

required, IntelGenx Corp. does not contest personal jurisdiction for the limited

purpose of this matter only.

21.     Further, this Court has personal jurisdiction over Defendant IntelGenx Corp. as it consented to personal jurisdiction for the related matter *BioDelivery Sciences Int'l Inc., et al. v. Chemo Research, S.L. et al.,* C.A. No. 19-444-CFC, concerning the same ANDA No. 212036, and the same parties, and has been actively litigating that matter in this Court since 2019. (C.A. No. 19-444-CFC at D.I. 11, at ¶¶ 18-20.)

ANSWER:   The allegations in paragraph 21 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is

required, IntelGenx Corp. does not contest personal jurisdiction for the limited

purpose of this matter only.

22.     This Court has personal jurisdiction over Defendant IntelGenx Corp. by virtue of, among other things: (1) its sale and distribution of generic drugs in Delaware; (2) its course of conduct that is designed to cause the performance of the tortious act of patent infringement that has led to foreseeable harm and injury to

Plaintiffs, which are Delaware corporations; and (3) its admission that it is subject to the Court's jurisdiction in other patent litigations.

ANSWER: The allegations in paragraph 22 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, IntelGenx Corp. does not contest personal jurisdiction for the limited purpose of this matter only.

23. This Court further has personal jurisdiction over Defendant IntelGenx Corp. because at least one provision of the Delaware long-arm statute, 10 Del. C. § 3104(c), is satisfied. On information and belief, Defendant IntelGenx Corp. satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State"), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State"), § 3104(c)(4) ("[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State"), and § 3104(c)(5) ("[h]as an interest in, uses or possesses real property in the State").

ANSWER: The allegations in paragraph 23 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, IntelGenx Corp. does not contest personal jurisdiction for the limited purpose of this matter only.

24. In the alternative, this Court has personal jurisdiction over Defendant IntelGenx Corp. because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (1) Plaintiffs' claims arise under federal law; (2) Defendant IntelGenx Corp. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (3) Defendant IntelGenx Corp. has sufficient contacts with the United States as a whole, including, but not limited to, preparing

and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Defendant IntelGenx Corp. satisfies due process.

ANSWER: The allegations in paragraph 24 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, IntelGenx Corp. does not contest personal jurisdiction for the limited purpose of this matter only.

25. On information and belief, Defendant IntelGenx Technologies Corp. ("IntelGenx Tech.") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6420 Rue Abrams, Ville Saint-Laurent, Quebec H4S 1Y2, Canada. On information and belief, Defendant IntelGenx Tech. maintains a registered agent in Delaware, the Corporation Service Company.

ANSWER: Admitted.

26. On information and belief, Defendant IntelGenx Tech. is a pharmaceutical company that formulates, manufactures, packages, and markets generic drug products for distribution in the District of Delaware and throughout the United States.

ANSWER: Defendants admit that IntelGenx Techs. is a holding company that directly and indirectly owns one or more subsidiaries that are focused on the development of oral controlled-release products as well as rapidly disintegrating delivery systems. Defendants deny the remaining allegations of paragraph 26 of the Complaint.

27.    On information and belief, Defendant IntelGenx Tech. derives substantial revenue from the sale of its products in Delaware and throughout the United States.

ANSWER:  The allegations in paragraph 27 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is

required, IntelGenx Techs. does not contest personal jurisdiction for the limited

purpose of this matter only.


28.    On information and belief, Defendant IntelGenx Tech. is amenable to litigating in this forum based on its conduct in numerous other litigations in this District. In particular, Defendant IntelGenx Tech. has previously availed itself of the rights and privileges of this forum for the purpose of litigating patent disputes. Additionally, Defendant IntelGenx Tech. has submitted to this Court's jurisdiction by consenting to personal jurisdiction and asserting counterclaims in other civil actions initiated in this jurisdiction. *See, e.g., Reckitt Benckiser Pharm. Inc. et al. v. Par Pharm., Inc., IntelGenx Techs. Corp., and LTS Lohmann Therapy Sys. Corp.*, C.A. No. 13-1461-RGA (D. Del. 2013); *Reckitt Benckiser Pharm. Inc. et al. v. Par Pharm., Inc. and IntelGenx Techs. Corp.*, C.A. No. 14-422-RGA (D. Del. 2014); *Reckitt Benckiser Pharm. Inc. et al. v. Par Pharm., Inc. and IntelGenx Techs. Corp.*, C.A. No. 14-1573- RGA (D. Del. 2014).

ANSWER:  The allegations in paragraph 28 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is

required, IntelGenx Techs. does not contest personal jurisdiction for the limited

purpose of this matter only.


29.    Further, this Court has personal jurisdiction over Defendant IntelGenx Tech. as it consented to personal jurisdiction for the related matter *BioDelivery Sciences Int'l Inc., et al. v. Chemo Research, S.L. et al.,* C.A. No. 19-444-CFC, concerning the same ANDA No. 212036, and the same parties, and has been

actively litigating that matter in this Court since 2019. (C.A. No. 19-444-CFC at D.I. 11, at ¶¶ 26-28.)

ANSWER: The allegations in paragraph 29 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, IntelGenx Techs. does not contest personal jurisdiction for the limited purpose of this matter only.

30. This Court has personal jurisdiction over Defendant IntelGenx Tech. by virtue of, among other things: (1) its incorporation in Delaware; (2) its registration to do business in Delaware, including appointment of a registered agent; (3) its sale and distribution of generic drugs in Delaware; (4) its course of conduct that is designed to cause the performance of the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, which are Delaware corporations; (5) its purposeful availment of this forum previously for the purpose of litigating a patent dispute; and (6) its admission that it is subject to the Court's jurisdiction in other patent litigations.

ANSWER: The allegations in paragraph 30 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, IntelGenx Techs. does not contest personal jurisdiction for the limited purpose of this matter only.

31. On information and belief, the acts of Defendant IntelGenx Corp. complained of herein were done at the direction of, with the authorization of, or with the cooperation, participation or assistance of, or at least in part for the benefit of Defendant IntelGenx Tech.

ANSWER: Defendants admit that IntelGenx Corp. is directly and indirectly owned by IntelGenx Techs. Defendants deny the remaining allegations of

paragraph 31 of the Complaint.

32.     On information and belief, the acts of Defendant IntelGenx Corp. and Defendant IntelGenx Tech. complained of herein were done at the direction of, with the authorization of, or with the cooperation, participation or assistance of, or at least in part for the benefit of, Defendant Insud and/or Defendant Chemo Research.

ANSWER:  Defendants admit that Chemo Research submitted ANDA No.

212036 seeking approval to engage in the commercial sale of the generic

buprenorphine film product described therein throughout the United States,

including in this Judicial District. Defendants deny the remaining allegations of

paragraph 32 of the Complaint.

33.     On information and belief, Defendant Xiromed, LLC ("Xiromed") is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 180 Park Ave., Suite 101, Florham Park, NJ 07932. On information and belief, Defendant Xiromed is the designated U.S. agent of Chemo Research and is the wholly owned subsidiary of Chemo Research. As stated above, Defendant Chemo Research did not identify its U.S. agent as required under 21 C.F.R. § 314.95(c)(9) in its Notice Letter.

ANSWER:  Defendants admit that Xiromed is indirectly owned by

Defendant Insud Pharma. Defendants further admit that Xiromed has a principal

place of business at 180 Park Ave., Suite 101 Florham Park, NJ 07932.

Additionally, Defendants admit that Xiromed is the designated U.S. agent for

Chemo Research's ANDA No. 212036. Defendants deny the remaining allegations

of paragraph 33 of the Complaint.

34.     On information and belief, Defendant Xiromed is a pharmaceutical company and the United States agent for Chemo Research which, in conjunction with the other Defendants, formulates, manufactures, packages, and markets generic drug products for distribution in the District of Delaware and throughout the United States.

ANSWER:  Defendants admit that Xiromed is in the business of

manufacturing and/or selling pharmaceutical products throughout the United

States, including in this Judicial District. Defendants deny the remaining

allegations of paragraph 34 of the Complaint.

35.     This Court has personal jurisdiction over Defendant Xiromed by virtue of, among other things: (1) its sale and distribution of generic drugs in Delaware; and (2) its course of conduct that is designed to cause the performance of the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, which are Delaware corporations.

ANSWER:  The allegations in paragraph 35 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is

required, Xiromed does not contest personal jurisdiction for the limited purpose of

this matter only.

36.     This Court further has personal jurisdiction over Defendant Xiromed because at least one provision of the Delaware long-arm statute, 10 Del. C. § 3104(c), is satisfied. On information and belief, Defendant Xiromed satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State"), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State"), § 3104(c)(4) ("[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives

substantial revenue from services, or things used or consumed in the State"), and § 3104(c)(5) ("[h]as an interest in, uses or possesses real property in the State").

ANSWER: The allegations in paragraph 36 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Xiromed does not contest personal jurisdiction for the limited purpose of this matter only.

37. On information and belief, the acts of Defendant Xiromed complained of herein were done at the direction of, with the authorization of, or with the cooperation, participation or assistance of, or at least in part for the benefit of, Defendant Insud and/or Defendant Chemo Research.

ANSWER: Defendants admit that Chemo Research submitted ANDA No. 212036 seeking approval to engage in the commercial sale of the generic buprenorphine film product described therein throughout the United States, including in this Judicial District. Defendants deny the remaining allegations of paragraph 37 of the Complaint.

38. On information and belief, and consistent with their practice with respect to other generic products, following FDA approval of ANDA No. 212036, Defendants will market, distribute, sell, and derive revenue from Defendants' generic buprenorphine buccal film product described in ANDA No. 212036 throughout the United States, including in Delaware.

ANSWER: Defendants admit that Chemo Research submitted ANDA No. 212036 seeking approval to engage in the commercial sale of the generic buprenorphine film product described therein throughout the United States,

including in this Judicial District. Defendants deny the remaining allegations of paragraph 38 of the Complaint.

39.     This patent infringement action arises under the United States Patent Laws, Title 35 U.S.C. § 100 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

ANSWER:   The allegations in paragraph 39 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants admit that this purports to be an action for patent infringement under the patent laws of the United States, Title 35. Defendants further admit that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Additionally, Defendants do not contest venue for the limited purpose of this matter only. Defendants deny the remaining allegations of paragraph 39 of the Complaint.

40.     Defendants Chemo Research, Insud, IntelGenx Corp., and IntelGenx Tech. have agreed that this Court has subject matter jurisdiction over ANDA No. 212036 in the related matter *BioDelivery Sciences Int'l Inc., et al. v. Chemo Research, S.L. et al.,* C.A. No. 19-444-CFC. (C.A. No. 19-444-CFC at D.I. 11, at ¶ 30.)

ANSWER:   The allegations in paragraph 40 of the Complaint contain conclusions of law to which no answer is required. To the extent that a response is required, Defendants admit that the pleadings in the litigation identified in paragraph 40 speak for themselves. Defendants further admit that this Court has

jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331,

1338(a), 2201, and 2202. Defendants deny the remaining allegations of paragraph

40 of the Complaint.

41.     Venue is further proper in this district as Defendants Chemo
Research, Insud, IntelGenx Corp., and IntelGenx Tech. have consented to venue in
the related *matter BioDelivery Sciences Int'l Inc., et al. v. Chemo Research, S.L. et
al*., C.A. No. 19-444-CFC, concerning the same ANDA No. 212036, the same
parties, and similar acts of infringement. (C.A. No. 19-444-CFC at D.I. 11, at ¶
30.) Chemo Research's consent to venue in this district concerning patent litigation
involving ANDA No. 212036 and similar acts of infringement also applies to
defendant Xiromed, Chemo Research's subsidiary and U.S. agent concerning
ANDA No. 212036.

ANSWER:  The allegations in paragraph 41 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is

required, Defendants admit that the pleadings in the litigation identified in

paragraph 41 speak for themselves. Additionally, Defendants do not contest venue

for the limited purpose of this matter only. Defendants deny the remaining

allegations of paragraph 41 of the Complaint.

## COUNT I FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 8,147,866 ("the '866 patent")
### under 35 U.S.C. § 271 (e)(2))

42.     Plaintiffs reallege and incorporate by reference paragraphs 1-41.

ANSWER:  In response to paragraph 42 of the Complaint, Defendants

incorporate by reference paragraphs 1 through 41 of this answer as if fully set forth

19

herein.

43.     The '866 patent, titled "Transmucosal Delivery Devices with Enhanced Uptake," was duly and legally issued to inventors Andrew Finn and Niraj Vasisht by the United States Patent and Trademark Office ("PTO") on April 3, 2012. The '866 patent is currently assigned to Plaintiff BDSI and expires on July 23, 2027. A true and correct copy of the '866 patent is attached as Exhibit A.

ANSWER:   Defendants admit that the face of the '866 patent indicates both

that the title is "Transmucosal Delivery Devices with Enhanced Uptake" and that it

issued on April 3, 2012, listing Andrew Finn and Niraj Vasisht as purported

inventors. Defendants admit that Exhibit A purports to be a copy of the '866

patent. Defendants lack knowledge or information sufficient to form a belief as to

the truth of the remainder of Plaintiffs' allegations and on that basis deny them,

and specifically deny that the '866 patent was "duly and legally issued."

44.     NDA No. 207932 is directed to the use of Belbuca® in the treatment of pain by transmucosal delivery of buprenorphine. The FDA approved NDA No. 207932 on October 23, 2015. The '866 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") for NDA No. 207932.

ANSWER:   Defendants admit that the U.S. Food and Drug Administration's

("FDA") electronic database of "Approved Drug Products with Therapeutic

Equivalence Evaluations," called the "Orange Book," identifies the '866 patent in

connection with NDA No. 207932. The Orange Book also indicates that NDA No.

207932 was approved on October 23, 2015. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remainder of Plaintiffs'

allegations and on that basis deny them.

45.     Defendants filed, or caused to be filed, in 2018, ANDA No. 212036 with the FDA under 21 U.S.C. § 355(j), seeking to obtain approval for the commercial manufacture, use, and sale of Buprenorphine Buccal Film, 75 mcg, 150 mcg, 300 mcg, 450 mcg, and 900 mcg in the United States before the expiration of the '866 patent.

ANSWER:  Defendants admit that Chemo Research submitted ANDA No.

212036 pursuant to the applicable statutes of the Federal Food Drug and Cosmetic

Act ("FFDCA") seeking marketing approval for the manufacture, use, offer for

sale, sale, and/or importation of its generic buprenorphine buccal film, 75 mcg, 150

mcg, 300 mcg, 450 mcg, and 900 mcg product in the United States. Defendants

deny the remaining allegations of paragraph 45 of the Complaint.

46.     Defendants filed, or caused to be filed, an amendment to ANDA No. 212036 ("amended ANDA") with the FDA under 21 U.S.C. § 355(j) and 21 C.F.R. § 314.95, seeking for the first time to obtain approval for the commercial manufacture, use, and sale of Buprenorphine Buccal Film, 600 mcg and 750 mcg ("generic buprenorphine buccal film (600 mcg and 750 mcg)"), in the United States before the expiration of the '866 patent. Defendants' original ANDA No. 212036, before this amendment, did not seek approval for these two doses. On information and belief, amended ANDA No. 212036 contains a Paragraph IV certification alleging that the claims of the '866 patent are not infringed by the commercial manufacture, use, and sale of Buprenorphine Buccal Film, 600 mcg and 750 mcg, by Defendants.

ANSWER:  Defendants admit that Chemo Research submitted an

amendment to ANDA No. 212036 pursuant to the applicable statutes of the

FFDCA seeking marketing approval for the manufacture, use, offer for sale, sale, and/or importation of 600 mcg and 750 mcg dosage strengths of the generic buprenorphine buccal film drug product described in ANDA No. 212036. Further, Defendants admit that, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Chemo Research included with its amendment a certification that the '866 patent will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of the product described in ANDA No. 212036. Defendants deny the remaining allegations of paragraph 46 of the Complaint.

47.     Defendants sent, or caused to be sent, to Plaintiffs a letter dated July 29, 2022 (the "Notice Letter") notifying Plaintiffs that Defendants had submitted an amendment to ANDA No. 212036 and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). The "Factual and Legal Bases for Chemo's Research's Certification" set forth in the Notice Letter alleges solely that Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) does not infringe claims 1-12 of the '866 patent.

ANSWER:  Defendants admit that Chemo Research sent written notice, dated July 29, 2022, of its amendment and patent certification to the applicable entities. Defendants further admit that the notice letter provided notice that the claims of the '866 patent will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of the product described in ANDA No. 212036. Defendants deny the remaining allegations of paragraph 47 of the Complaint.

48.     By stipulation dated February 26, 2021, the Defendants are precluded from asserting any validity challenges to the '866 patent in this action or in any

subsequent trial between the parties concerning ANDA No. 212036. (C.A. No. 19-444-CFC at D.I. 338 at ¶2.)

ANSWER: Defendants admit that the documents in the litigation identified in paragraph 48 speak for themselves. Defendants deny the remaining allegations of paragraph 48 of the Complaint.

49. Under 35 U.S.C. § 271(e)(2)(A), Defendants infringed one or more claims of the '866 patent, in violation of Plaintiffs' patent rights, by submitting to the FDA ANDA No. 212036 (as amended) that seeks approval to commercially market—before the expiration date of the '866 patent—Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg), the manufacture, use, offer for sale, or sale within the United States of which would directly infringe, literally or through the doctrine of equivalents, one or more claims of the '866 patent, and the manufacture, use, offer for sale, or sale of which would contribute to or induce the direct infringement of one or more claims of the '866 patent by prescribers and/or users of Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg).

ANSWER: Denied.

50. On information and belief, Defendants have knowledge of the '866 patent and have filed ANDA No. 212036 (as amended) seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in the United States. On information and belief, if the FDA approves ANDA No. 212036 (as amended), physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '866 patent.

ANSWER: Denied.

51. On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in accordance with the instructions and/or label provided by Defendants and will

23

therefore induce infringement of one or more of the claims of the '866 patent with the requisite intent.

ANSWER: Denied.

52.     On information and belief, if the FDA approves ANDA No. 212036 (as amended), Defendants will sell or offer to sell their generic buprenorphine buccal film (600 mcg and 750 mcg) specifically labeled for use in practicing one or more of the method claims of the '866 patent, wherein Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) is a material part of the method claimed, wherein Defendants know that physicians will prescribe and patients will use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in practicing one or more of the methods claimed in the '866 patent, and wherein buprenorphine buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the '866 patent.

ANSWER: Denied.

53.     Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

ANSWER: Denied.

54.     Plaintiffs have filed this complaint within 45 days of receiving the Notice Letter.

ANSWER: The allegations contained in paragraph 54 contain conclusions

of law to which no answer is required. To the extent an answer is required,

Defendants lack knowledge or information sufficient to form a belief as to the truth

of Plaintiffs' allegations and on that basis deny them.

55.     Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '866 patent, actively inducing infringement of the '866 patent, and/or contributing to the infringement by others of the '866 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

ANSWER:  Denied.

## COUNT II FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 9,655,843 ("the '843 patent") under 35 U.S.C. § 271 (e)(2))

56.     Plaintiffs reallege and incorporate by reference paragraphs 1-41.

ANSWER:  In response to paragraph 56 of the Complaint, Defendants incorporate by reference paragraphs 1 through 41 of this answer as if fully set forth herein.

57.     The '843 patent, titled "Transmucosal Delivery Devices with Enhanced Uptake," was duly and legally issued to inventors Andrew Finn and Niraj Vasisht by the PTO on May 23, 2017. The '843 patent is currently assigned to Plaintiff BDSI and expires on July 23, 2027. A true and correct copy of the '843 patent is attached as Exhibit B.

ANSWER:  Defendants admit that the face of the '843 patent indicates both that the title is "Transmucosal Delivery Devices with Enhanced Uptake" and that it issued on May 23, 2017, listing Andrew Finn and Niraj Vasisht as purported inventors. Defendants admit that Exhibit B purports to be a copy of the '843 patent. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiffs' allegations and on that basis deny them, and specifically deny that the '843 patent was "duly and legally issued."

25

58.    NDA No. 207932 is directed to the use of Belbuca® in the treatment of pain by transmucosal delivery of buprenorphine. The FDA approved NDA No. 207932 on October 23, 2015. The '843 patent is listed in the Orange Book for NDA No. 207932.

ANSWER:  Defendants admit that the FDA's Orange Book identifies the

'843 patent in connection with NDA No. 207932. The Orange Book also indicates

that NDA No. 207932 was approved on October 23, 2015. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the

remainder of Plaintiffs' allegations and on that basis deny them.

59.    Defendants filed, or caused to be filed, in 2018, ANDA No. 212036 with the FDA under 21 U.S.C. § 355(j), seeking to obtain approval for the commercial manufacture, use, and sale of Buprenorphine Buccal Film, 75 mcg, 150 mcg, 300 mcg, 450 mcg, and 900 mcg in the United States before the expiration of the '843 patent.

ANSWER:  Defendants admit that Chemo Research submitted ANDA No.

212036 pursuant to the applicable statutes of the FFDCA seeking marketing

approval for the manufacture, use, offer for sale, sale, and/or importation of its

generic buprenorphine buccal film, 75 mcg, 150 mcg, 300 mcg, 450 mcg, and 900

mcg product in the United States. Defendants deny the remaining allegations of

paragraph 59 of the Complaint.

60.    Defendants filed, or caused to be filed, an amendment to ANDA No. 212036 ("amended ANDA") with the FDA under 21 U.S.C. § 355(j) and 21 C.F.R. § 314.95, seeking for the first time to obtain approval for the commercial manufacture, use, and sale of Buprenorphine Buccal Film, 600 mcg and 750 mcg ("generic buprenorphine buccal film (600 mcg and 750 mcg)"), in the United

States before the expiration of the '843 patent. Defendants' original ANDA No. 212036, before this amendment, did not seek approval for these two doses. On information and belief, amended ANDA No. 212036 contains a Paragraph IV certification alleging that the claims of the '843 patent are not infringed by the commercial manufacture, use, and sale of Buprenorphine Buccal Film, 600 mcg and 750 mcg, by Defendants.

ANSWER: Defendants admit that Chemo Research submitted an amendment to ANDA No. 212036 pursuant to the applicable statutes of the FFDCA seeking marketing approval for the manufacture, use, offer for sale, sale, and/or importation of 600 mcg and 750 mcg dosage strengths of the generic buprenorphine buccal film drug product described in ANDA No. 212036. Further, Defendants admit that, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Chemo Research included with its amendment a certification that the '843 patent will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of the product described in ANDA No. 212036. Defendants deny the remaining allegations of paragraph 60 of the Complaint.

61.     Defendants sent, or caused to be sent, to Plaintiffs the Notice Letter dated July 29, 2022, notifying Plaintiffs that Defendants had submitted an amendment to ANDA No. 212036 and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). The "Factual and Legal Bases for Chemo's Research's Certification" set forth in the Notice Letter alleges solely that Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) does not infringe claims 1-25 of the '843 patent.

ANSWER: Defendants admit that Chemo Research sent written notice, dated July 29, 2022, of its amendment and patent certification to the applicable

entities. Defendants further admit that the notice letter provided notice that the

claims of the '843 patent will not be infringed by the manufacture, use, offer for

sale, sale, and/or importation of the product described in ANDA No. 212036.

Defendants deny the remaining allegations of paragraph 61 of the Complaint.

62. By stipulation dated February 26, 2021, the Defendants are precluded from asserting any validity challenges to the '843 patent in this action or in any subsequent trial between the parties concerning ANDA No. 212036.

ANSWER: Defendants admit that the documents in the litigation identified

in paragraph 62 speak for themselves. Defendants deny the remaining allegations

of paragraph 62 of the Complaint.

63. Under 35 U.S.C. § 271(e)(2)(A), Defendants infringed one or more claims of the '843 patent, in violation of Plaintiffs' patent rights, by submitting to the FDA ANDA No. 212036 (as amended) that seeks approval to commercially market—before the expiration date of the '843 patent—Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg), the manufacture, use, offer for sale, or sale within the United States of which would directly infringe, literally or through the doctrine of equivalents, one or more claims of the '843 patent, and the manufacture, use, offer for sale, or sale of which would contribute to or induce the direct infringement of one or more claims of the '843 patent by prescribers and/or users of Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg).

ANSWER: Denied.

64. On information and belief, Defendants have knowledge of the '843 patent and have filed ANDA No. 212036 (as amended) seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in the United States. On information and belief, if the FDA approves ANDA No. 212036 (as amended), physicians, health care providers, and/or patients will prescribe and/or use

Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '843 patent.

ANSWER: Denied.


65.     On information and belief, Defendants have knowledge of the '843 patent and have filed ANDA No. 212036 (as amended) seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in the United States. On information and belief, if the FDA approves ANDA No. 212036 (as amended), physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '843 patent.

ANSWER: Denied.


66.     On information and belief, if the FDA approves ANDA No. 212036 (as amended), Defendants will sell or offer to sell their generic buprenorphine buccal film (600 mcg and 750 mcg) specifically labeled for use in practicing one or more of the method claims of the '843 patent, wherein Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) is a material part of the method claimed, wherein Defendants know that physicians will prescribe and patients will use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in practicing one or more of the methods claimed in the '843 patent, and wherein buprenorphine buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the '843 patent.

ANSWER: Denied.


67.     Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

ANSWER: Denied.

68.     Plaintiffs have filed this complaint within 45 days of receiving the Notice Letter.

ANSWER:  The allegations contained in paragraph 68 contain conclusions

of law to which no answer is required. To the extent an answer is required,

Defendants lack knowledge or information sufficient to form a belief as to the truth

of Plaintiffs' allegations and on that basis deny them.

69.     Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '843 patent, actively inducing infringement of the '843 patent, and/or contributing to the infringement by others of the '843 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

ANSWER:  Denied.

## COUNT III FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 9,901,539 ("the '539 patent") under 35 U.S.C. § 271 (e)(2))

70.     Plaintiffs reallege and incorporate by reference paragraphs 1-41.

ANSWER:  In response to paragraph 70 of the Complaint, Defendants

incorporate by reference paragraphs 1 through 41 of this answer as if fully set forth

herein.

71.     The '539 patent, titled "Transmucosal Drug Delivery Devices for Use in Chronic Pain Relief," was duly and legally issued to inventors Andrew Finn and Niraj Vasisht by the PTO on February 27, 2018. The '539 patent is currently assigned to Plaintiff BDSI and expires on December 21, 2032. A true and correct copy of the '539 patent is attached as Exhibit C.

ANSWER:  Defendants admit that the face of the '539 patent indicates both

that the title is "Transmucosal Delivery Devices with Enhanced Uptake" and that it

issued on February 27, 2018, listing Andrew Finn and Niraj Vasisht as purported

inventors. Defendants admit that Exhibit C purports to be a copy of the '539

patent. Defendants lack knowledge or information sufficient to form a belief as to

the truth of the remainder of Plaintiffs' allegations and on that basis deny them,

and specifically deny that the '539 patent was "duly and legally issued."

72.     NDA No. 207932 is directed to the use of Belbuca® in the treatment
of pain by transmucosal delivery of buprenorphine. The FDA approved NDA No.
207932 on October 23, 2015. The '539 patent is listed in the Orange Book for
NDA No. 207932.

ANSWER:  Defendants admit that the FDA's Orange Book identifies the

'539 patent in connection with NDA No. 207932. The Orange Book also indicates

that NDA No. 207932 was approved on October 23, 2015. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the

remainder of Plaintiffs' allegations and on that basis deny them.

73.     Defendants filed, or caused to be filed, in 2018, ANDA No. 212036
with the FDA under 21 U.S.C. § 355(j), seeking to obtain approval for the
commercial manufacture, use, and sale of Buprenorphine Buccal Film, 75 mcg,
150 mcg, 300 mcg, 450 mcg, and 900 mcg in the United States before the
expiration of the '539 patent.

ANSWER:  Defendants admit that Chemo Research submitted ANDA No.

212036 pursuant to the applicable statutes of the FFDCA seeking marketing

approval for the manufacture, use, offer for sale, sale, and/or importation of its

generic buprenorphine buccal film, 75 mcg, 150 mcg, 300 mcg, 450 mcg, and 900

mcg product in the United States. Defendants deny the remaining allegations of

paragraph 73 of the Complaint.

74.     Defendants filed, or caused to be filed, an amendment to ANDA No.
212036 ("amended ANDA") with the FDA under 21 U.S.C. § 355(j) and 21 C.F.R.
§ 314.95, seeking for the first time to obtain approval for the commercial
manufacture, use, and sale of Buprenorphine Buccal Film, 600 mcg and 750 mcg
("generic buprenorphine buccal film (600 mcg and 750 mcg)"), in the United
States before the expiration of the '539 patent. Defendants' original ANDA No.
212036, before this amendment, did not seek approval for these two doses. On
information and belief, amended ANDA No. 212036 contains a Paragraph IV
certification alleging that the claims of the '539 patent are not infringed by the
commercial manufacture, use, and sale of Buprenorphine Buccal Film, 600 mcg
and 750 mcg, by Defendants.

ANSWER:   Defendants admit that Chemo Research submitted an

amendment to ANDA No. 212036 pursuant to the applicable statutes of the

FFDCA seeking marketing approval for the manufacture, use, offer for sale, sale,

and/or importation of the 600 mcg and 750 mcg dosage strengths of the generic

buprenorphine buccal film drug product described in ANDA No. 212036. Further,

Defendants admit that, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Chemo

Research included with its amendment a certification that the '539 patent will not

be infringed by the manufacture, use, offer for sale, sale, and/or importation of the

product described in ANDA No. 212036. Defendants deny the remaining

allegations of paragraph 74 of the Complaint.

75.    Defendants sent, or caused to be sent, to Plaintiffs a letter dated July 29, 2022, notifying Plaintiffs that Defendants had submitted an amendment to ANDA No. 212036 and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). The "Factual and Legal Bases for Chemo's Research's Certification" set forth in the Notice Letter alleges solely that Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) does not infringe claims 1-22 of the '539 patent.

ANSWER:  Defendants admit that Chemo Research sent written notice, dated July 29, 2022, of its amendment and patent certification to the applicable entities. Defendants further admit that the notice letter provided notice that the claims of the '539 patent will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of the product described in ANDA No. 212036. Defendants deny the remaining allegations of paragraph 75 of the Complaint.

76.    By stipulation dated February 26, 2021, the Defendants are precluded from asserting any validity challenges to the '539 patent in this action or in any subsequent trial between the parties concerning ANDA No. 212036.

ANSWER:  Defendants admit that the documents in the litigation identified in paragraph 76 speak for themselves. Defendants deny the remaining allegations of paragraph 76 of the Complaint.

77.    Under 35 U.S.C. § 271(e)(2)(A), Defendants infringed one or more claims of the '539 patent, in violation of Plaintiffs' patent rights, by submitting to the FDA ANDA No. 212036 (as amended) that seeks approval to commercially market—before the expiration date of the '539 patent—Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg), the use of which would directly infringe, literally or through the doctrine of equivalents, one or more claims of the '539 patent, and the manufacture, use, offer for sale, or sale of which would contribute to or induce the direct infringement of one or more claims of the

'539 patent by prescribers and/or users of Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg).

ANSWER: Denied.


78. On information and belief, Defendants have knowledge of the '539 patent and have filed ANDA No. 212036 (as amended) seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in the United States. On information and belief, if the FDA approves ANDA No. 212036 (as amended), physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '539 patent.

ANSWER: Denied.


79. On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in accordance with the instructions and/or label provided by Defendants and will therefore induce infringement of one or more of the claims of the '539 patent with the requisite intent.

ANSWER: Denied.


80. On information and belief, if the FDA approves ANDA No. 212036 (as amended), Defendants will sell or offer to sell their generic buprenorphine buccal film (600 mcg and 750 mcg) specifically labeled for use in practicing one or more of the method claims of the '539 patent, wherein Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) is a material part of the method claimed, wherein Defendants know that physicians will prescribe and patients will use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in practicing one or more of the methods claimed in the '539 patent, and wherein buprenorphine buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the '539 patent.

ANSWER: Denied.

81.     Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

ANSWER: Denied.

82.     Plaintiffs have filed this complaint within 45 days of receiving the Notice Letter.

ANSWER: The allegations contained in paragraph 82 contain conclusions

of law to which no answer is required. To the extent an answer is required,

Defendants lack knowledge or information sufficient to form a belief as to the truth

of Plaintiffs' allegations and on that basis deny them.

83.     Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '539 patent, actively inducing infringement of the '539 patent, and/or contributing to the infringement by others of the '539 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

ANSWER: Denied.

## COUNT IV FOR DECLARATORY JUDGMENT
### (Declaratory Judgment of Patent Infringement of the '866 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c))

84.     Plaintiffs reallege and incorporate by reference paragraphs 1-55.

ANSWER: In response to paragraph 84 of the Complaint, Defendants

incorporate by reference paragraphs 1 through 55 of this answer as if fully set forth

herein.

85.     This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., including 35 U.S.C. §§ 271(a)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

ANSWER:  Defendants admit that this purports to be an action for patent

infringement  under the patent laws of the United States, Title 35, and the

Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202. Defendants deny the

remaining allegations of paragraph 85 of the Complaint.

86.     On information and belief, and based on information provided by Defendants, if the FDA approves Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) for use and sale in the United States, Defendants would directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '866 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights, by making, using, offering to sell, selling, and/or importing Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) for use and sale within the United States.

ANSWER:  Denied.

87.     The manufacture, sale, offer for sale, and/or importation of Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the '866 patent under 35 U.S.C. §§ 271(b) and/or (c), in violation of Plaintiffs' patent rights.

ANSWER:  Denied.

88.     On information and belief, Defendants have knowledge of the '866 patent and have filed ANDA No. 212036 (as amended) seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in the United States. On information and belief, if the FDA approves ANDA No. 212036 (as amended), physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in

accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '866 patent.

ANSWER: Denied.

89.     On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film in accordance (600 mcg and 750 mcg) with the instructions and/or label provided by Defendants and will therefore induce infringement of one or more of the claims of the '866 patent with the requisite intent under 35 U.S.C. § 271(b).

ANSWER: Denied.

90.     On information and belief, if the FDA approves ANDA No. 212036 (as amended), Defendants will sell or offer to sell their generic buprenorphine buccal film (600 mcg and 750 mcg) specifically labeled for use in practicing one or more of the method claims of the '866 patent, wherein Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) is a material part of the method claimed in the '866 patent, wherein Defendants know that physicians will prescribe and patients will use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) for one or more of the methods claimed in the '866 patent, and wherein buprenorphine buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the '866 patent under 35 U.S.C. § 271(c).

ANSWER: Denied.

91.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants as to liability for the infringement of the '866 patent claims. Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from Defendants' threatened imminent actions.

ANSWER: The allegations in paragraph 91 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is

required, Defendants admit that there is an actual case or controversy between

Plaintiffs on the one side, and Defendants on the other, creating a justiciable case

or controversy regarding the '866 patent.

92.     Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '866 patent, actively inducing infringement of the '866 patent, and/or contributing to the infringement by others of the '866 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

ANSWER:  Denied.


## COUNT V FOR DECLARATORY JUDGMENT
**(Declaratory Judgment of Patent Infringement of the '843 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c))**

93.     Plaintiffs reallege and incorporate by reference paragraphs 1-41, 56-69.

ANSWER:  In response to paragraph 93 of the Complaint, Defendants

incorporate by reference paragraphs 1 through 41 and 56 through 69 of this answer

as if fully set forth herein.


94.     This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., including 35 U.S.C. §§ 271(a)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

ANSWER:  Defendants admit that this purports to be an action for patent

infringement  under the patent laws of the United States, Title 35, and the

Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202. Defendants deny the

remaining allegations of paragraph 94 of the Complaint.

95. On information and belief, and based on information provided by Defendants, if the FDA approves Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) for use and sale in the United States, Defendants would directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '843 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights, by making, using, offering to sell, selling, and/or importing Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) for use and sale within the United States.

ANSWER: Denied.

96. The manufacture, sale, offer for sale, and/or importation of Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the '843 patent under 35 U.S.C. §§ 271(b) and/or (c), in violation of Plaintiffs' patent rights.

ANSWER: Denied.

97. On information and belief, Defendants have knowledge of the '843 patent and have filed ANDA No. 212036 (as amended) seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in the United States. On information and belief, if the FDA approves ANDA No. 212036 (as amended), physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '843 patent.

ANSWER: Denied.

98. On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in accordance with the instructions and/or label provided by Defendants and will therefore induce infringement of one or more of the claims of the '843 patent with the requisite intent under 35 U.S.C. § 271(b).

ANSWER:  Denied.

99.    On information and belief, if the FDA approves ANDA No. 212036 (as amended), Defendants will sell or offer to sell their generic buprenorphine buccal film (600 mcg and 750 mcg) specifically labeled for use in practicing one or more of the method claims of the '843 patent, wherein Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) is a material part of the method claimed in the '843 patent, wherein Defendants know that physicians will prescribe and patients will use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) for one or more of the methods claimed in the '843 patent, and wherein buprenorphine buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the '843 patent under 35 U.S.C. § 271(c).

ANSWER:  Denied.

100.   As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants as to liability for the infringement of the '843 patent claims. Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from Defendants' threatened imminent actions.

ANSWER:  The allegations in paragraph 100 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is

required, Defendants admit that there is an actual case or controversy between

Plaintiffs on the one side, and Defendants on the other, creating a justiciable case

or controversy regarding the '843 patent.

101.   Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '843 patent, actively inducing infringement of the '843 patent, and/or contributing to the infringement by others of the '843 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

ANSWER:  Denied.

## COUNT VI FOR DECLARATORY JUDGMENT
## (Declaratory Judgment of Patent Infringement of the '539 Patent under 35 U.S.C. §§ 271 (b) and/or (c))

102. Plaintiffs reallege and incorporate by reference paragraphs 1-41, 70-83.

ANSWER: In response to paragraph 102 of the Complaint, Defendants incorporate by reference paragraphs 1 through 41 and 70 through 83 of this answer as if fully set forth herein.

103. This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., including 35 U.S.C. §§ 271(b)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

ANSWER: Defendants admit that this purports to be an action for patent infringement under the patent laws of the United States, Title 35, and the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202. Defendants deny the remaining allegations of paragraph 103 of the Complaint.

104. The manufacture, sale, offer for sale, and/or importation of Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the '539 patent under 35 U.S.C. §§ 271(b) and/or (c), in violation of Plaintiffs' patent rights.

ANSWER: Denied.

105. On information and belief, Defendants have knowledge of the '539 patent and have filed ANDA No. 212036 (as amended) seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in the United States. On information and belief, if the FDA approves ANDA No. 212036 (as amended),

physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '539 patent.

ANSWER: Denied.

106. On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) in accordance with the instructions and/or label provided by Defendants and will therefore induce infringement of one or more of the claims of the '539 patent with the requisite intent under 35 U.S.C. § 271(b).

ANSWER: Denied.

107. On information and belief, if the FDA approves ANDA No. 212036 (as amended), Defendants will sell or offer to sell their generic buprenorphine buccal film (600 mcg and 750 mcg) specifically labeled for use in practicing one or more of the method claims of the '539 patent, wherein Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) is a material part of the method claimed in the '539 patent, wherein Defendants know that physicians will prescribe and patients will use Defendants' generic buprenorphine buccal film (600 mcg and 750 mcg) for one or more of the methods claimed in the '539 patent, and wherein buprenorphine buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the '539 patent under 35 U.S.C. § 271(c).

ANSWER: Denied.

108. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants as to liability for the infringement of the '539 patent claims. Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from Defendants' threatened imminent actions.

ANSWER: The allegations in paragraph 108 of the Complaint contain

conclusions of law to which no answer is required. To the extent that a response is required, Defendants admit that there is an actual case or controversy between Plaintiffs on the one side, and Defendants on the other, creating a justiciable case or controversy regarding the '539 patent.

109.   Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '539 patent, actively inducing infringement of the '539 patent, and/or contributing to the infringement by others of the '539 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

ANSWER:  Denied.

## PRAYER FOR RELIEF

This section of Plaintiffs' Complaint constitutes Prayers for Relief that do not require a response. Defendants deny that Plaintiffs are entitled to any of the requested relief or any other relief whatsoever. Defendants request that judgment be entered in their favor, dismissing Plaintiffs' Complaint with prejudice, awarding Defendants attorneys' fees and costs incurred in this litigation under 35 U.S.C. § 285, and granting even further relief as the Court may deem just and proper. Each averment and/or allegation contained in Plaintiffs' Complaint that is not specifically admitted herein is hereby denied.

## DEFENSES

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants have not, do not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, enforceable, and properly construed claim of the Patents-in-Suit, either directly, indirectly, contributorily, by inducement, or in any other manner. The manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of the buprenorphine buccal film drug product described in ANDA No. 212036 has not, does not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, enforceable, and properly construed claim of the Patents-in-Suit, either directly, indirectly, contributorily, by inducement, or in any other manner.

## THIRD DEFENSE

Defendants' actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

## FOURTH DEFENSE

Defendants have not willfully infringed any valid and enforceable claim of the Patents-in-Suit.

## FIFTH DEFENSE

Any defense asserted in any other action in which the Patents-in-Suit are asserted that may be asserted in this action.

## RESERVATION OF DEFENSES

Defendants reserve the right to assert additional defenses as may be warranted by discovery or further factual investigation in this action.

## COUNTERCLAIMS

Defendants and Counterclaim Plaintiffs Chemo Research S.L. ("Chemo Research"), Insud Pharma S.L.U. ("Insud Pharma"), IntelGenx Corp ("IntelGenx Corp."), IntelGenx Technologies Corp. ("IntelGenx Techs."), and Xiromed, LLC ("Xiromed") (collectively, "Defendants" or "Counterclaim Plaintiffs") assert the following counterclaims against Plaintiffs and Counterclaim Defendants BioDelivery Sciences International, Inc. ("BDSI") and Arius Two, Inc. ("Arius") (collectively "Plaintiffs" or "Counterclaim Defendants").

## NATURE OF THE ACTION

1.      These counterclaims include claims for a declaratory judgment of non-infringement of U.S. Patent Nos. 8,147,866 ("the '866 patent"), 9,655,843 ("the '843 patent"), and 9,901,539 ("the '539 patent") (collectively, "the Patents-in-Suit").

## THE PARTIES

2.      Insud Pharma is a corporation organized and existing under the laws of Spain, having its principal place of business at Manuel Pombo Angulo 28, 3rd

Floor, 28050 Madrid, Spain.

3. Chemo Research is a corporation organized and existing under the laws of Spain, having its principal place of business at Manuel Pombo Angulo 28, 3rd Floor, 28050 Madrid, Spain.

4. Xiromed is a limited liability company organized and existing under the laws of the State of New Jersey, having a principal place of business at 180 Park Ave., Suite 101, Florham Park, NJ 07932.

5. IntelGenx Corp. is a corporation organized and existing under the laws of Canada, having a principal place of business at 6420 Rue Abrams, Ville Saint-Laurent, Quebec H4S 1Y2, Canada.

6. IntelGenx Techs. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6420 Rue Abrams, Ville Saint-Laurent, Quebec H4S 1Y2, Canada.

7. On information and belief, and as alleged in its Complaint, BDSI is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4131 ParkLake Ave., Suite 225, Raleigh, North Carolina, 27612.

8. On information and belief, and as alleged in its Complaint, Arius is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4131 ParkLake Ave., Suite 225, Raleigh, North

Carolina, 27612. On information and belief, and as alleged in the Complaint, Arius is a wholly owned subsidiary of BDSI.

## JURISDICTION AND VENUE

9.     These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

10.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

11.     Counterclaim Defendants have availed themselves of this forum in this action and are therefore subject to personal jurisdiction in this Judicial District.

12.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400, and as a result of Counterclaim Defendants' choice of forum.

## FIRST COUNTERCLAIM:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '866 PATENT

13.     Counterclaim Plaintiffs reallege and incorporate by reference paragraphs 1 through 12 of these counterclaims as if fully set forth herein.

14.     Counterclaim Defendants have alleged in this action that Counterclaim Plaintiffs have infringed the '866 patent by filing an amendment to ANDA No. 212036 seeking to obtain approval for the manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of the

buprenorphine buccal film drug product described in ANDA No. 212036

("Chemo's ANDA product") and that Counterclaim Plaintiffs' manufacture, use,

offer for sale, sale in the United States, and/or importation into the United States,

of 600 mcg and 750 mcg dosage strengths of Chemo's ANDA Product would

infringe that patent. Counterclaim Plaintiffs deny that amending ANDA No.

212036 was an act of infringement under 35 U.S.C. § 271(e)(2) and deny that their

manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750

mcg dosage strengths of Chemo's ANDA product would constitute infringement of

the '866 patent. Counterclaim Defendants' suit has restrained the free exploitation

of Counterclaim Plaintiffs' noninfringing goods by excluding Counterclaim

Plaintiffs from entering the market for the proposed generic drug product described

in the ANDA.

15.     Counterclaim Plaintiffs have not, do not, and will not infringe,

literally or under the doctrine of equivalents, willfully or otherwise, any valid,

enforceable, and properly construed claim of the '866 patent, either directly,

indirectly, contributorily, by inducement, or in any other manner. The manufacture,

use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage

strengths of Chemo's ANDA product has not, does not, and will not infringe,

literally or under the doctrine of equivalents, willfully or otherwise, any valid,

enforceable, and properly construed claim of the '866 patent, either directly,

indirectly, contributorily, by inducement, or in any other manner. For example, the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product do not contain, at least, a bioerodible mucoadhesive layer that is buffered to a pH between about 4 and about 6.

16.     A present, genuine, and justiciable controversy exists between Counterclaim Plaintiffs, on the one hand, and Counterclaim Defendants, on the other hand, regarding, *inter alia*, whether the manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA Product infringe any valid and enforceable claim of the '866 patent.

17.     Counterclaim Plaintiffs are entitled to a declaration by the Court that one or more claims of the '866 patent are not infringed.

18.     Counterclaim Plaintiffs are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '843 PATENT

19.     Counterclaim Plaintiffs reallege and incorporate by reference paragraphs 1 through 18 of these counterclaims as if fully set forth herein.

20.     Counterclaim Defendants have alleged in this action that Counterclaim Plaintiffs have infringed the '843 patent by filing an amendment to ANDA No. 212036 seeking to obtain approval for the manufacture, use, offer for

sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of the buprenorphine buccal film drug product described in ANDA No. 212036 and that Counterclaim Plaintiffs' manufacture, use, offer for sale, sale in the United States, and/or importation into the United States, of 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product would infringe that patent. Counterclaim Plaintiffs deny that amending ANDA No. 212036 was an act of infringement under 35 U.S.C. § 271(e)(2) and deny that their manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product would constitute infringement of the '843 patent. Counterclaim Defendants' suit has restrained the free exploitation of Counterclaim Plaintiffs' noninfringing goods by excluding Counterclaim Plaintiffs' from entering the market for the proposed generic drug product described in the ANDA.

21. Counterclaim Plaintiffs have not, do not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, enforceable, and properly construed claim of the '843 patent, either directly, indirectly, contributorily, by inducement, or in any other manner. The manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product has not, does not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, enforceable, and properly construed claim of the '843 patent, either directly,

50

indirectly, contributorily, by inducement, or in any other manner. For example, the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product do not contain, at least, a bioerodible mucoadhesive layer that has, or is buffered to, a pH between about 4 and about 7.5.

22.    A present, genuine, and justiciable controversy exists between Counterclaim Plaintiffs, on the one hand, and Counterclaim Defendants, on the other hand, regarding, *inter alia*, whether the manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product infringe any valid and enforceable claim of the '843 patent.

23.    Counterclaim Plaintiffs are entitled to a declaration by the Court that one or more claims of the '843 patent are not infringed.

24.    Counterclaim Plaintiffs are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## THIRD COUNTERCLAIM:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '539 PATENT

25.    Counterclaim Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 of this counterclaim as if fully set forth herein.

26.    Counterclaim Defendants have alleged in this action that Counterclaim Plaintiffs have infringed the '539 patent by filing an amendment to ANDA No. 212036 seeking to obtain approval for the manufacture, use, offer for

sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of the buprenorphine buccal film drug product described in ANDA No. 212036 and that Counterclaim Plaintiffs' manufacture, use, offer for sale, sale in the United States, and/or importation into the United States, of 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product would infringe that patent. Counterclaim Plaintiffs deny that amending ANDA No. 212036 was an act of infringement under 35 U.S.C. § 271(e)(2) and deny that their manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product would constitute infringement of the '539 patent. Counterclaim Defendants' suit has restrained the free exploitation of Counterclaim Plaintiffs' noninfringing goods by excluding Counterclaim Plaintiffs' from entering the market for the proposed generic drug product described in the ANDA.

27.    Counterclaim Plaintiffs have not, do not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, enforceable, and properly construed claim of the '539 patent, either directly, indirectly, contributorily, by inducement, or in any other manner. The manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product has not, does not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, enforceable, and properly construed claim of the '539 patent, either directly,

indirectly, contributorily, by inducement, or in any other manner. For example, the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product do not contain, at least, a bioerodible mucoadhesive layer that is buffered to a pH between about 4.0 and about 6.0.

28.     A present, genuine, and justiciable controversy exists between Counterclaim Plaintiffs, on the one hand, and Counterclaim Defendants, on the other hand, regarding, *inter alia*, whether the manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product would infringe any valid and enforceable claim of the '539 patent.

29.     Counterclaim Plaintiffs are entitled to a declaration by the Court that one or more claims of the '539 patent are not infringed.

30.     Counterclaim Plaintiffs are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs pray that the Court enter judgment ordering as follows:

(a)     adjudicating and declaring that the Patents-in-Suit are not infringed;

(b)     if the facts demonstrate that the case is exceptional within the meaning of 35 U.S.C. § 285, awarding Counterclaim Plaintiffs

reasonable attorneys' fees and costs reasonably incurred in this action; and

(c) granting Counterclaim Plaintiffs such other and further relief as the Court deems just and appropriate.

Dated: November 10, 2022

OF COUNSEL:

Dennies Varughese, Pharm. D.
Adam C. LaRock
Josephine Kim
Tyler C. Liu
Ryan E. Conkin
STERNE, KESSLER, GOLDSTEIN
  & FOX P.L.L.C
1100 New York Avenue NW
Suite 600
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
alarock@sternekessler.com
joskim@sternekessler.com
tliu@sternekessler.com
rconkin@sternekessler.com

*Attorneys for Chemo Research S.L.,
Insud Pharma S.L.U., and Xiromed,
LLC*

Paul T. Meiklejohn
Geoffrey M. Godfrey
Janelle Luceria Elysee
DORSEY & WHITNEY LLP

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendants/Counterclaim
Plaintiffs*

54

701 Fifth Avenue, Ste. 6100
Seattle, WA 98104
meiklejohn.paul@dorsey.com
godfrey.geoff@dorsey.com
elysee.janelle@dorsey.com

*Attorneys for IntelGenx Corp.
and IntelGenx Technologies
Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 10, 2022, a copy of the foregoing document was served on the persons listed below in the manner indicated:

**BY E-MAIL**

Jack B. Blumenfeld
Jeremy A. Tigan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
jtigan@mnat.com

Shyam Shanker
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
shyam.shanker@dechert.com

AllBDSIChemo@dechert.com

Howard W. Levine
Pejmon Pashai
Dechert LLP
1900 K Street NW
Washington, DC 20006
howard.levine@dechert.com
pejmon.pashai@dechert.com

Jennifer S. Swan
Dechert LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306
jennifer.swan@dechert.com

Brian M. Goldberg
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
brian.goldberg@dechert.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendants/Counterclaim
Plaintiffs*