IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC., | ) ) ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) ) ) |
| v. | ) C.A. No. 22-1196 (CFC) ) |
| CHEMO RESEARCH, S.L., INSUD PHARMA S.L.U., INTELGENX CORP., INTELGENX TECHNOLOGIES CORP., and XIROMED, LLC, | ) ) ) ) ) |
| Defendants/Counterclaim Plaintiffs. | ) ) |

**BIODELIVERY SCIENCES INTERNATIONAL, INC. AND ARIUS TWO, INC.'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiffs and Counterclaim Defendants BioDelivery Sciences International, Incorporated and Arius Two, Incorporated (collectively, "Plaintiffs"), by and through the undersigned counsel, answer as follows the counterclaims asserted by Defendants and Counterclaim Plaintiffs Chemo Research, S.L., Insud Pharma S.L.U., IntelGenx Corp., IntelGenx Technologies Corp., and Xiromed, LLC (collectively, "Defendants"), in their Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Complaint (D.I. 8). Unless otherwise stated, Plaintiffs further deny the allegations in Defendants' Answer and Affirmative Defenses.

# COUNTERCLAIMS

**COUNTERCLAIM:**

1. These counterclaims include claims for a declaratory judgment of non-infringement of U.S. Patent Nos. 8,147,866 ("the '866 patent"), 9,655,843 ("the '843 patent"), and 9,901,539 ("the '539 patent") (collectively, "the Patents-in-Suit").

**REPLY:**

Paragraph 1 states legal conclusions for which no response is required. To the extent a response is required, Plaintiffs admit that Defendants purport to counterclaim for a declaratory judgment that U.S. Patent Nos. 8,147,866 ("the '866 patent"); 9,655,843 ("the '843 patent"); and 9,901,539 ("the '539 patent") are not infringed by Defendants' proposed generic buprenorphine buccal film that is the subject of ANDA No. 212036. Plaintiffs deny that these counterclaims have merit or that Defendants are entitled to any relief on their counterclaims.

**COUNTERCLAIM:**

2. Insud Pharma is a corporation organized and existing under the laws of Spain, having its principal place of business at Manuel Pombo Angulo 28, 3rd Floor, 28050 Madrid, Spain

**REPLY:**

On information and belief, Plaintiffs admit the allegations in Paragraph 2.

**COUNTERCLAIM:**

3. Chemo Research is a corporation organized and existing under the laws of Spain, having its principal place of business at Manuel Pombo Angulo 28, 3rd Floor, 28050 Madrid, Spain.

**REPLY:**

On information and belief, Plaintiffs admit the allegations in Paragraph 3.

**COUNTERCLAIM:**

4. Xiromed is a limited liability company organized and existing under the laws of the State of New Jersey, having a principal place of business at 180 Park Ave., Suite 101, Florham Park, NJ 07932.

**REPLY:**

On information and belief, Plaintiffs admit the allegations in Paragraph 4.

**COUNTERCLAIM:**

5. IntelGenx Corp. is a corporation organized and existing under the laws of Canada, having a principal place of business at 6420 Rue Abrams, Ville Saint-Laurent, Quebec H4S 1Y2, Canada.

**REPLY:**

On information and belief, Plaintiffs admit the allegations in Paragraph 5.

**COUNTERCLAIM:**

6. IntelGenx Techs. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6420 Rue Abrams, Ville Saint-Laurent, Quebec H4S 1Y2, Canada.

**REPLY:**

On information and belief, Plaintiffs admit the allegations in Paragraph 6.

**COUNTERCLAIM:**

7. On information and belief, and as alleged in its Complaint, BDSI is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4131 ParkLake Ave., Suite 225, Raleigh, North Carolina, 27612.

**REPLY:**

Admitted.

**COUNTERCLAIM:**

8. On information and belief, and as alleged in its Complaint, Arius is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4131 ParkLake Ave., Suite 225, Raleigh, North Carolina, 27612. On information and belief, and as alleged in the Complaint, Arius is a wholly owned subsidiary of BDSI.

**REPLY:**

Admitted.

**COUNTERCLAIM:**

9. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

**REPLY:**

Paragraph 9 states legal conclusions for which no response is required. To the extent a response is required, Plaintiffs admit that Defendants purport to bring these counterclaims under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Plaintiffs deny that these counterclaims have merit or that Defendants are entitled to any relief on their counterclaims. Plaintiffs otherwise deny the allegations of Paragraph 9.

**COUNTERCLAIM:**

10. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

**REPLY:**

Paragraph 10 states legal conclusions for which no response is required. To the extent a response is required, Plaintiffs do not contest subject matter jurisdiction in this judicial district for the purposes of this action only. Plaintiffs admit that an actual controversy exits between Defendants and Plaintiffs concerning Defendants' infringement of the '866, '843, and '539 patents. Plaintiffs deny that these counterclaims have merit or that Defendants are entitled to any relief on their counterclaims. Plaintiffs otherwise deny the allegations of Paragraph 10.

**COUNTERCLAIM:**

11. Counterclaim Defendants have availed themselves of this forum in this action and are therefore subject to personal jurisdiction in this Judicial District.

**REPLY:**

Paragraph 11 states legal conclusions for which no response is required. To the extent a response is required, Plaintiffs do not contest personal jurisdiction in this judicial district for the purposes of this action only. Plaintiffs otherwise deny the allegations of Paragraph 11.

**COUNTERCLAIM:**

12. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400, and as a result of Counterclaim Defendants' choice of forum.

**REPLY:**

Paragraph 12 states legal conclusions for which no response is required. To the extent a response is required, Plaintiffs do not contest venue in this judicial district for the purposes of this action only. Plaintiffs otherwise deny the allegations of Paragraph 12.

**COUNTERCLAIM:**

13. Counterclaim Plaintiffs reallege and incorporate by reference paragraphs 1 through 12 of these counterclaims as if fully set forth herein.

**REPLY:**

No response is required to the general re-allegation and incorporation by reference of the foregoing paragraphs of Defendants' Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Complaint. To the extent a response is required, Plaintiffs incorporate the answers in response to the foregoing paragraphs as if fully set forth herein.

**COUNTERCLAIM:**

14. Counterclaim Defendants have alleged in this action that Counterclaim Plaintiffs have infringed the '866 patent by filing an amendment to ANDA No. 212036 seeking to obtain approval for the manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of the buprenorphine buccal film drug product described in ANDA No. 212036 ("Chemo's ANDA product") and that Counterclaim Plaintiffs' manufacture, use, offer for sale, sale in the United States, and/or importation into the United States, of 600 mcg and 750 mcg dosage strengths of Chemo's ANDA Product would infringe that patent. Counterclaim Plaintiffs deny that amending ANDA No. 212036 was an act of infringement under 35 U.S.C. § 271(e)(2) and deny that their manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of

Chemo's ANDA product would constitute infringement of the '866 patent. Counterclaim Defendants' suit has restrained the free exploitation of Counterclaim Plaintiffs' noninfringing goods by excluding Counterclaim Plaintiffs from entering the market for the proposed generic drug product described in the ANDA.

**REPLY:**

Plaintiffs admit that Defendants sent, or caused to be sent, to Plaintiffs a letter dated July 29, 2022 purporting to be notice pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and informing Plaintiffs that Defendants had submitted ANDA No. 212036 seeking approval to engage in commercial use, manufacture, sale, offer for sale, or importation into the United States of Defendants' Buprenorphine Buccal Film, 600 mcg and 750 mcg (collectively, "Defendants' generic buprenorphine buccal film"), before the expiration of the '866 patent. Plaintiffs further state that their Complaint and Defendants' Answer thereto speak for themselves. Plaintiffs otherwise deny the allegations of Paragraph 14.

**COUNTERCLAIM:**

15. Counterclaim Plaintiffs have not, do not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, enforceable, and properly construed claim of the '866 patent, either directly, indirectly, contributorily, by inducement, or in any other manner. The manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product has not, does not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, enforceable, and properly construed claim of the '866 patent, either directly, indirectly, contributorily, by inducement, or in any other manner. For example, the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product do not contain, at least, a bioerodible mucoadhesive layer that is buffered to a pH between about 4 and about 6.

**REPLY:**

Denied.

**COUNTERCLAIM:**

16. A present, genuine, and justiciable controversy exists between Counterclaim Plaintiffs, on the one hand, and Counterclaim Defendants, on the other hand, regarding, *inter alia*, whether the manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA Product infringe any valid and enforceable claim of the '866 patent.

**REPLY:**

Paragraph 16 states legal conclusions for which no response is required. Plaintiffs admit that an actual controversy exists between Defendants and Plaintiffs concerning Defendants' infringement of the '866 patent. Plaintiffs otherwise deny the allegations of Paragraph 16.

**COUNTERCLAIM:**

17. Counterclaim Plaintiffs are entitled to a declaration by the Court that one or more claims of the '866 patent are not infringed.

**REPLY:**

Denied.

**COUNTERCLAIM:**

18. Counterclaim Plaintiffs are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**REPLY:**

Denied.

**COUNTERCLAIM:**

19. Counterclaim Plaintiffs reallege and incorporate by reference paragraphs 1 through 18 of these counterclaims as if fully set forth herein.

**REPLY:**

No response is required to the general re-allegation and incorporation by reference of the foregoing paragraphs of Defendants' Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Complaint. To the extent a response is required, Plaintiffs incorporate the answers in response to the foregoing paragraphs as if fully set forth herein.

**COUNTERCLAIM:**

20. Counterclaim Defendants have alleged in this action that Counterclaim Plaintiffs have infringed the '843 patent by filing an amendment to ANDA No. 212036 seeking to obtain approval for the manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of the buprenorphine buccal film drug product described in ANDA No. 212036 and that Counterclaim Plaintiffs' manufacture, use, offer for sale, sale in the United States, and/or importation into the United States, of 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product would infringe that patent. Counterclaim Plaintiffs deny that amending ANDA No. 212036 was an act of infringement under 35 U.S.C. § 271(e)(2) and deny that their manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product would constitute infringement of the '843 patent. Counterclaim Defendants' suit has restrained the free exploitation of Counterclaim Plaintiffs' noninfringing goods by excluding Counterclaim Plaintiffs' from entering the market for the proposed generic drug product described in the ANDA.

**REPLY:**

Plaintiffs admit that Defendants sent, or caused to be sent, to Plaintiffs a letter dated July 29, 2022, purporting to be notice pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)

and informing Plaintiffs that it had submitted ANDA No. 212036 seeking approval to engage in commercial use, manufacture, sale, offer for sale, or importation into the United States of Defendants' generic buprenorphine buccal film before the expiration of the '843 patent. Plaintiffs further state that their Complaint and Defendants' Answer thereto speak for themselves. Plaintiffs otherwise deny the allegations of Paragraph 20.

**COUNTERCLAIM:**

21. Counterclaim Plaintiffs have not, do not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, enforceable, and properly construed claim of the '843 patent, either directly, indirectly, contributorily, by inducement, or in any other manner. The manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product has not, does not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, enforceable, and properly construed claim of the '843 patent, either directly, indirectly, contributorily, by inducement, or in any other manner. For example, the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product do not contain, at least, a bioerodible mucoadhesive layer that has, or is buffered to, a pH between about 4 and about 7.5.

**REPLY:**

Denied.

**COUNTERCLAIM:**

22. A present, genuine, and justiciable controversy exists between Counterclaim Plaintiffs, on the one hand, and Counterclaim Defendants, on the other hand, regarding, *inter alia*, whether the manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product infringe any valid and enforceable claim of the '843 patent.

**REPLY:**

Paragraph 22 states legal conclusions for which no response is required. Plaintiffs admit that an actual controversy exists between Defendants and Plaintiffs concerning Defendants' infringement of the '843 patent. Plaintiffs otherwise deny the allegations of Paragraph 22.

**COUNTERCLAIM:**

23. Counterclaim Plaintiffs are entitled to a declaration by the Court that one or more claims of the '843 patent are not infringed.

**REPLY:**

Denied.

**COUNTERCLAIM:**

24. Counterclaim Plaintiffs are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**REPLY:**

Denied.

**COUNTERCLAIM:**

25. Counterclaim Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 of this counterclaim as if fully set forth herein.

**REPLY:**

No response is required to the general re-allegation and incorporation by reference of the foregoing paragraphs of Defendants' Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Complaint. To the extent a response is

required, Plaintiffs incorporate the answers in response to the foregoing paragraphs as if fully set forth herein.

**COUNTERCLAIM:**

26. Counterclaim Defendants have alleged in this action that Counterclaim Plaintiffs have infringed the '539 patent by filing an amendment to ANDA No. 212036 seeking to obtain approval for the manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of the buprenorphine buccal film drug product described in ANDA No. 212036 and that Counterclaim Plaintiffs' manufacture, use, offer for sale, sale in the United States, and/or importation into the United States, of 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product would infringe that patent. Counterclaim Plaintiffs deny that amending ANDA No. 212036 was an act of infringement under 35 U.S.C. § 271(e)(2) and deny that their manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product would constitute infringement of the '539 patent. Counterclaim Defendants' suit has restrained the free exploitation of Counterclaim Plaintiffs' noninfringing goods by excluding Counterclaim Plaintiffs' from entering the market for the proposed generic drug product described in the ANDA.

**REPLY:**

Plaintiffs admit that Defendants sent, or caused to be sent, to Plaintiffs a letter dated July 29, 2022, purporting to be notice pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and informing Plaintiffs that it had submitted ANDA No. 212036 seeking approval to engage in commercial use, manufacture, sale, offer for sale, or importation into the United States of Defendants' generic buprenorphine buccal film before the expiration of the '539 patent. Plaintiffs further state that their Complaint and Defendants' Answer thereto speak for themselves. Plaintiffs otherwise deny the allegations of Paragraph 20.

**COUNTERCLAIM:**

27. Counterclaim Plaintiffs have not, do not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, enforceable, and properly construed claim of the '539 patent, either directly, indirectly, contributorily, by inducement, or in any other manner. The manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product has not, does not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, enforceable, and properly construed claim of the '539 patent, either directly, indirectly, contributorily, by inducement, or in any other manner. For example, the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product do not contain, at least, a bioerodible mucoadhesive layer that is buffered to a pH between about 4.0 and about 6.0.

**REPLY:**

Denied.

**COUNTERCLAIM:**

28. A present, genuine, and justiciable controversy exists between Counterclaim Plaintiffs, on the one hand, and Counterclaim Defendants, on the other hand, regarding, *inter alia*, whether the manufacture, use, offer for sale, sale, and/or importation of the 600 mcg and 750 mcg dosage strengths of Chemo's ANDA product would infringe any valid and enforceable claim of the '539 patent.

**REPLY:**

Paragraph 28 states legal conclusions for which no response is required. Plaintiffs admit that an actual controversy exists between Defendants and Plaintiffs concerning Defendants' infringement of the '539 patent. Plaintiffs otherwise deny the allegations of Paragraph 28.

**COUNTERCLAIM:**

29. Counterclaim Plaintiffs are entitled to a declaration by the Court that one or more claims of the '539 patent are not infringed.

**REPLY:**

Denied.

**COUNTERCLAIM:**

30. Counterclaim Plaintiffs are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**REPLY:**

Denied.

## **DEFENDANTS' PRAYER FOR RELIEF**

Plaintiffs deny that Defendants are entitled to any of the relief requested in Defendants' Prayer for Relief and respectfully request that the Court:

i. enter judgment on Defendants' counterclaims in favor of Plaintiffs, and against Defendants;

ii. deny Defendants any and all relief on their counterclaims, including but not limited to the relief sought in prayer for relief (a)-(d);

iii. declare that Defendants' conduct renders this case exceptional;

iv. award costs and attorneys' fees to Plaintiffs; and

v. award such further relief as this Court deems just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Jennifer S. Swan<br>DECHERT LLP<br>3000 El Camino Real<br>Five Palo Alto Square, Suite 650<br>Palo Alto, CA  94306-2112<br>(650) 813-4800<br><br>Howard W. Levine<br>Pejmon Pashai<br>DECHERT LLP<br>1900 K Street, NW<br>Washington D.C.  20006-1110<br>(202) 261-3300<br><br>Shyam Shanker<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY  10036-6797<br>(212) 698-3500<br><br>Brian M. Goldberg<br>DECHERT LLP<br>Cira Centre, 2929 Arch Street<br>Philadelphia, PA  19104-2808<br>(215) 994-4000<br><br>December 1, 2022 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jeremy A. Tigan*<br><br>Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com<br><br>*Attorneys for Plaintiffs/Counterclaim Defendants BioDelivery Sciences International, Inc. and Arius Two, Inc.* |

# CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 1, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendants/Counterclaim Plaintiffs Chemo Research S.L., Insud Pharma S.L.U., IntelGenx Corp., IntelGenx Technologies Corp. and Xiromed, LLC* | *VIA ELECTRONIC MAIL* |
| Dennies Varughese, Pharm. D.<br>Adam C. LaRock, Esquire<br>Josephine Kim, Esquire<br>Tyler C. Liu, Esquire<br>Ryan E. Conkin, Esquire<br>STERNE, KESSLER, GOLDSTEIN<br>  & FOX P.L.L.C<br>1100 New York Avenue NW, Suite 600<br>Washington, DC 20005<br>*Attorneys for Defendants/Counterclaim Plaintiffs Chemo Research, S.L., Insud Pharma S.L.U., and Xiromed, LLC* | *VIA ELECTRONIC MAIL* |

Paul T. Meiklejohn, Esquire  VIA ELECTRONIC MAIL
Geoffrey M. Godfrey, Esquire
Janelle Luceria Elysee, Esquire
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA  98104
*Attorneys for Defendants/Counterclaim Plaintiffs IntelGenx Corp. and IntelGenx Technologies Corp.*

/s/ *Jeremy A. Tigan*

Jeremy A. Tigan (#5239)